Jose R. VALDIVIEZ,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 88–5615
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 1989.

As Amended on Denial of Rehearing
Oct. 19, 1989.

Jeffrey C. Anderson, Southers & Lyons, Inc., San Antonio, Tex., for plaintiff-appellant.

Winstanley F. Luke, John F. Paniszczyn, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for defendant-appellee.

Before GEE, REAVLEY and DUHE, Circuit Judges.

DUHE, Circuit Judge:

The issue in this case is whether the United States is liable under the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq.* for the consequences that flowed from a homosexual serviceman's act of donating blood contaminated with the virus that causes Acquired Immunodeficiency Syndrome (AIDS). The district court held that it was not.

FACTS

Before donating blood during a military sponsored blood drive, a serviceman signified that he had read literature provided by the blood bank concerning AIDS and understood that members of high risk groups were asked to refrain from donating blood. The serviceman was aware that, as a practicing homosexual, he was in a high risk group for AIDS but gave blood anyway because he did not want anybody to think he was "gay".

On October 22, 1984 at a military hospital, the serviceman's donated blood was transfused into retired serviceman Jose R. Valdiviez, during coronary artery bypass surgery. Before the surgery, Valdiviez was warned of the risk of contracting hepatitis and syphilis from a blood transfusion but was not warned of the risk of AIDS.

Valdiviez sued the United States alleging it was negligent for failing to (1) properly screen for high risk blood donors; (2) timely and adequately test the blood he was given for AIDS; and (3) advise Valdiviez the blood which he would be receiving during surgery had not been tested for AIDS and of the risk of that disease. In a motion for summary judgment, Valdiviez asserted a fourth claim—that the United States was vicariously liable for the actions of the blood donor. The United States filed a cross-motion for summary judgment which was granted by the trial court.

*Trial court opinion*

The trial court found that the medical community did not reach a consensus regarding whether AIDS could be transmitted by blood until 1984 and that no test was able to detect AIDS contaminated blood

until May 1985. The trial court held that a reasonable jury could not find that the possibility of contracting AIDS from a blood transfusion was a material risk at the time Valdiviez received his blood transfusion nor could a reasonable jury find that if Valdiviez had been informed of the "miniscule possibility" of contracting AIDS, he would have refused the heart surgery and the necessary transfusion.

On the vicarious liability issue, the trial court found that the donor's failure to inform blood center personnel that he was a practicing homosexual was intentional and therefore the United States was not liable. The court further found that even if the donor's act was negligent rather than intentional, donating blood was not in the course and scope of his employment. It noted that the donor was not required to give blood and was not paid or given any benefit to donate blood. The trial court concluded that donating blood was a voluntary humanitarian act, not in furtherance of the serviceman's military duties, nor an objective for which military personnel are employed and therefore the United States was not vicariously liable for the donor's act.

FTCA

The Federal Tort Claims Act (FTCA) 28 U.S.C. § 1346 *et seq.*, recognizes the general principle that the United States should be liable for the negligence of government employees performing governmental functions when a private person would be liable under the same circumstances. The purpose of the Act was to make a remedy available when previously it had been barred by sovereign immunity. 14 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*, § 3658 (1985). The main statutory provision, § 1346(b) of Title 28, gives the district courts jurisdiction over actions against the United States for money damages:

> ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where

the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Section 2671 of the FTCA provides that, in the case of a member of the military, "acting within the scope of his office or employment" means acting "in line of duty."

*Vicarious liability*

■ On appeal Valdiviez contends that the district court erred in holding that Jackson was not in the course and scope of his employment when he donated blood. Valdiviez argues that the extent of control an employer exercises over a worker is a primary factor in determining whether the worker is a "servant" under the doctrine of respondeat superior, and, that the district court ignored the issue of the United State's control over the donor and the blood donation process. He notes that the blood bank was located at a military facility; that the blood donor's commander authorized the donor to donate blood during the duty day; and implicitly encouraged donations by allowing notices of the blood drive to be posted at the donor's duty station and by allowing time off with pay if the donor fell ill following the donations. Valdiviez also notes that the United States Government had direct access to the most current information concerning the spread of the AIDS virus. In summation, Valdiviez argues that it was the Government's policies, procedures and employees who "set the stage" for him to become infected with the AIDS virus.

Valdiviez's main legal argument is that the phrase "in line of duty" should be interpreted as analogous to conduct undertaken "incident to service". He further argues that since the conduct in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) and *Parker v. United States*, 611 F.2d 1007 (5th Cir.1980), was held "incident to service" then *a fortiori* this court should hold that the serviceman's donation of blood was incident to his service. This argument is without merit. The *Feres* doctrine applies to determine whether a serviceman who is injured while acting

incident to military service can maintain a suit against the United States under the FTCA. In this case the issue is the Government's vicarious liability for a serviceman's acts. The *Feres* doctrine does not extend to this situation. The trial court correctly held that the donor was not acting within the scope of his employment when he donated the contaminated blood. Accordingly, the United States is not liable to Valdiviez on a vicarious liability theory.

*Negligence*

■ Valdiviez contends that the trial court erred in granting summary judgment because a factual issue remains as to whether the United States was negligent in the manner in which it collected and screened the blood used in his transfusion. Valdiviez argues that given the blood bank's knowledge that AIDS could be transmitted by blood, it's reliance on self-screening was negligent. This argument is without merit. Although in hindsight, the shortcomings of the self-screening approach are evident, our review of the record indicates that this method was the procedure recommended by the Center for Disease Control at the time the blood was donated. Valdiviez has not raised a fact issue as to whether the United States deviated from the standard of care applicable. Accordingly, the trial court correctly granted summary judgment in favor of the United States on this issue.

*Informed consent*

■ Valdiviez next contends that the trial court erred in holding that his physicians did not have a duty to warn him of the risk of acquiring AIDS through blood transfusions. He contends that the effect that full disclosure would have had on his decision is a factual issue that precludes summary judgment and that the trial court's holding on duty overlooks this issue. He notes that AIDS poses a more significant health threat than hepatitis yet he was warned about the risk of hepatitis and was not warned about the risk of AIDS. Valdiviez contends that the risk of contracting AIDS was a material one due to the fact that 100% of all known AIDS cases die within

two years of their first manifestation of the AIDS complex. He contends that just because he was informed of the risk of hepatitis, a treatable illness, and still consented to surgery does not mean that he would have consented to surgery if informed of the risk of contracting AIDS from the transfusion. He also notes the possibility that had he been fully informed, he could have chosen to have relatives donate blood or donated blood for himself.

As noted above, the FTCA provides the United States shall be liable in tort "in the same manner and to the same extent as a private individual under like circumstances. In Texas, physicians and health care providers are only liable for negligent failure to disclose the risk involved in the medical care :f the risk or hazard could have influenced a reasonable person in making a decision to give or withhold consent. Tex. Rev.Civ.Stat.Ann. art. 4590i § 6.02 (Vernon Supp.1988).

One of Valdiviez's treating physicians, Dr. Brent Grishkin, testified that the risk of receiving AIDS through a blood transfusion was so remote during the time of Valdiviez's operation and hospitalization as to make the awareness of such risk unwarranted. He further testified that the risk of receiving AIDS through blood transfusions has never been significant enough to warrant advising patients of the risk.

To warrant denial of the defendant's motion for summary judgment on this issue there must be present an issue of fact either as to whether the risk is inherent to the medical procedure or whether the risk is material enough to influence a reasonable persons' consent to the procedure. *Barclay v. Campbell*, 704 S.W.2d 8, 9–10 (Tex.1986).

Valdiviez has submitted no direct evidence to contradict the opinion expressed by Dr. Grishkin. The record does contain information regarding the inevitably fatal nature of AIDS. This fact is not disputed. What is disputed is the conclusion Valdiviez would have drawn from this fact if he had been made aware of it. While the incidence of AIDS contaminated blood was, and is, extremely low, the severity of the

harm posed by the disease is great. We hold that a reasonable factfinder could find that if fully informed a reasonable person could have refused to accept a blood transfusion from the anonymous donor and may even have refused to undergo surgery. This is an issue of fact for jury resolution.

Accordingly, the trial court erred in granting summary judgment in favor of defendant on this issue. The decision of the trial court is affirmed in part and reversed in part. The case is remanded for trial on the issue of informed consent.

REVERSED and REMANDED.